**UNITED STATES v. E. I. DU PONT DE NEMOURS & CO.**

**Civ. A. No. 1216.**

United States District Court
D. Delaware.

June 12, 1951.

See also 11 F.R.D. 311.

James L. Minicus, Julius C. Renninger, Washington, D. C., Joseph M. Fitzpatrick, Arlington, Va., Philip L. Roache, Jr., William J. McAuliffe, Jr. and Forrest A. Ford, all of Washington, D. C., and William Marvel, U. S. Atty., of Wilmington, Del., for the United States.

Gerhard A. Gesell, James H. McGlothlin, David C. Acheson, Harvey Levin and George J. Kuehnl (of Covington & Burling), of Washington, D. C., Hugh M. Morris and Alexander L. Nichols (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and Francis J. Zugehoer, Philadelphia, Pa., for defendant.

### 5th Trial Memorandum

LEAHY, Chief Judge.

There is before the court defendant's Offer of Proof No. 1, relating to competition between cellophane and certain other products, as to which the Government has made objection on the grounds of materiality and relevancy.

Defendant duPont in its offer of proof seeks to show cellophane is in competition with other flexible packaging materials. Defendant contends the offer of proof is relevant and material to three "major issues" of the case: (1) intent; (2) monopoly power; and (3) description of the market itself. The nub of defendant's position is that the market to be examined in order to see if monopoly exists is the flexible packaging industry.

The Government opposes defendant's proffer of proof and asserts the charging paragraph of the complaint[1] alleges a monopoly by defendant of trade and commerce in cellophane and caps and bands and not that defendant has monopolized all markets in the packaging industry. Plaintiff contends that cellophane is a distinct commodity, or product, and that cellophane is not in competition with other packaging materials as a matter of fact or as a matter of law. Thus, plaintiff argues, defendant's offer of proof is neither relevant nor material and, as a matter of law and fact, I should not consider any of the evidence which is embraced in defendant's offer. In contradistinction to defendant's view, plaintiff says *the market* is cellophane and to permit defendant's offer of proof would be to expand the market "beyond all reality".

Having heard argument of counsel, on May 31, 1951, on the relevancy and materiality of defendant's offer of proof, I am now ready to announce my decision:

1. Plaintiff's objection to the defendant's Offer of Proof No. 1 is overruled.

2. It is not decided by this ruling what particular evidence may or may not be admissible as the trial progesses nor what weight shall be given to any particular evidence which may be admitted.

3. What is decided here is that defendant should have the opportunity of presenting its theory as to what the relative competitive market involving cellophane is. It is understandable that defendant should be afforded this opportunity since the Government has been heard on its theory of market and the market issue is considered by both sides to be crucial in the determination of this case.

---

1. Paragraph 21.

4. If counsel desire a more definite guide on this present ruling, an order may be submitted containing such provisions counsel consider appropriate and necessary. Otherwise, this ruling now made will stand.